F. A. THOMAS, plaintiff in error, vs. JOSHUA KNOWLES, defendant in error.

1. A promissory note, given in March, 1864, for Confederate money borrowed, payable on the 1st of January, 1868, in the "commonly received currency, at that time," is within the Ordinance of 1865, and the rights of the parties are to be adjusted according to that Ordinance.

2. It is error in the Court, in such a case, to charge the jury that they are to scale the note according to the gold or intrinsic value of the consideration at any time. One of the matters for the consideration of the jury, is the length of time the note was to run, without interest; another, the mutual risk the parties agreed to take, of the rise or fall of Confederate money, and the jury, are, under all the facts, to find according to the true equities of the parties under the contract.

Scaling Ordinance.    Charge of Court.    By Judge GREEN.
Newton Superior Court.    September Term, 1869.

Thomas sued Knowles, upon his promise, made the 14th of March, 1864, in this State, to pay him, or bearer, $500 00, by the 1st of January, 1866, "in the commonly received currency of the country, at that time." The defense was that it should be scaled according to the Ordinance of 1865. Plaintiff's counsel read in evidence the promise, and proved that on the 1st of January, 1866, greenbacks were the common currency in this State, and closed.

KNOWLES testified that the note was given for $500 00, in Confederate currency, loaned to him by Thomas, when that currency was worth but one in twenty for gold; that it was just before the funding, by which such currency was to lose one-third, and he understood Thomas' agreement to let him have it without interest, was to get currency better than that then in hand, to-wit, new issue of Confederate Treasury notes; that he afterwards offered to pay Thomas, when the currency was much more depreciated, and he would not take it, saying it would be better, or he would lose it altogether. He admitted that Thomas refused to accept a note payable in Confederate money. Thomas and his brother, who drew the paper sued on, said that when plaintiff refused to take a note due so long off payable in Confederate currency, and pre-

sented the paper sued on, Knowles hesitated about signing it, they discussed the probabilities as to the currency, and they both thought Knowles understood that he was to pay whatever was the currency, at the maturity of the paper, before he signed it.

Plaintiff's counsel requested the Court to charge the jury, that they must enforce the intention of the contracting parties; that if they intended said paper to be discharged in a currency in use at a particular time, that intention will control; it not being the province of a Court to protect parties, in the absence of fraud, against the folly of their own contracts. The Court refused so to charge. He repeated to them the Ordinance of 1865, and charged that if this paper was given for Confederate money, borrowed between June 1st, 1861 and June 1st, 1865, the amount "should be scaled according to the gold or intrinsic value of the Confederate money loaned at any time, according to the proof submitted," with interest from the maturity of the paper; that they had a liberal discretion, could not make a contract for the parties, but should give an equitable construction to the contract and give a verdict upon principles of equity. The jury found for the plaintiff, $43 00, with interest from 1st of January, 1866.

Plaintiff's counsel moved for a new trial, upon the grounds that the verdict was contrary to the evidence, etc., that the Court erred in refusing to charge as requested, and charging as he did. The new trial was refused, and that is assigned as error.

CLARK & PACE, for plaintiff in error.

HAMMOND & WELBORN, for defendant, cited the Ordinance of 1865; as to intention of the parties to contract: 11th Ga. R., 459; 13th, 520; the verdict, being supported by the evidence, should stand; 6th Ga. R., 324; 10th, 429; 35th, 25–117, and this, even if the Court erred: 6th Ga. R., 324; 10th, 429.

Thomas *vs.* Knowles.

McCAY, J.

1. This Court has decided in several cases, that the jury, in cases coming under the Ordinance for the settlement of Confederate contracts, are not confined to the value of the consideration, or of the currency, at any particular time. The contracts covered by that Ordinance, were all entered into under peculiar circumstance.   There was a false and illegal standard of value, in universal use in the community. It is hardly possible in a single case to carry out the actual intention of the parties to the contracts, made whilst this currency was the standard of value.   The object of the Ordinance was to put the parties, since the real intent was impracticable, upon the equitable rule of *"ex æquo et bono,"* and to permit all the facts bearing upon that question, so far as they pertain to the contract, to go to the jury and be considered by them.

2. The value of Confederate money, in specie, is not, in our judgement, the only test intended by the Ordinance. Especially is this true, if the verdict is to be in " greenbacks," which are also of less value then specie.   As is well known, at one time during the war, when Confederate money was twenty for one, good land might have been bought for twenty dollars per acre.   Would any one say that it was just to settle a land note, made at that time, at twenty for one?   In this case, it is clear that the parties took into consideration the probable change in the currency, and they contracted in reference to it.   The plaintiff lent $500 00, for nearly two years, without interest, and each agreed to take the risks of the change in the currency of the Confederate States.   These facts, were elements in the question of the true equities between the parties.

The Court withheld these elements from the jury, We think, in that he committed error, and a new trial ought to be granted.

Judgment reversed.